UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jarode Jermaine Witherspoon, | ) C/A No. 9:14-2850-MGL-BM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Mr. Dubose, *the head of mental health over all prisons*; Ms. S. Roberts, *mental health counselor, STOP*; Mr. Captain Jones, *over Saluda Unit*; Ms. L.T. Carter, *over Saluda Unit, STOP*, | ) |
| Defendants. | ) |

The Plaintiff, Jarode Jermaine Witherspoon, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the Broad River Correctional Instiution, part of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 679-679 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

### Discussion

In his rambling Complaint, Plaintiff appears to disagree with the mental health treatment his is receiving or not receiving. He states that he needs tests run to see if his mind is stable. In response to a question on the Complaint form asking what claims Plaintiff is attempting to litigate, he wrote:

> Violation of my mental health rights by trying to stop me from getting the help I need and by keeping me in lockup and all the others are on the yard STOP's/mental health class -in Motrey Unit, on the yard and it[']s 3 of us, on Lockup? These other 2 not asking for help, I am.

Complaint, ECF No. 1 at 2. Plaintiff requests that he be released from the Special Management Unit (SMU) and be awarded monetary damages. ECF No. 1 at 5.

The Complaint is subject to summary dismissal because Plaintiff failed to exhaust his administrative remedies as to the actions alleged in his Complaint. Before a prisoner can proceed with a lawsuit in federal court concerning conditions of confinement, he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such



2

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" Woodford v. Ngo, 548 U.S. 81 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Further, while a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; id. at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Here, a plain reading of the Complaint shows that Plaintiff did not properly exhaust his available administrative remedies prior to filing this action. Plaintiff stated that he filed grievances on April 16 and June 19, 2014, and received a final institutional answer. However, in response to the question of when he received the final answer, he wrote "I can't remember[.] It in Step 2." He further stated that he had not heard back from the Step 2 grievances in over a month.



3

ECF No. 1 at 2.[1] Only after completing both Steps 1 and 2 of the SCDC grievance policy has an inmate properly exhausted his claims under § 1983. See Malik v. Ward, No. 8:08-1886-RBH-BHH, 2010 WL 1010023, at *6 (D.S.C. Feb. 4, 2010). Because it did not appear that Plaintiff had exhausted his administrative remedies, special interrogatories were sent to Plaintiff, and he filed a response on February 3, 2015. See ECF Nos. 8, 13, 16.

In response to the special interrogatories, Plaintiff stated that he filed a Step 1 grievance on July 8, 2014 (only eight days before this action was filed) and received a response to his Step 2 grievance on October 3, 2014. ECF No. 16. Plaintiff provided a copy of this grievance (No. BRCI-0368-14), review of which indicates that Plaintiff's grieved only his custody classification[2] and not the possible mental health treatment issues he raises in his Complaint.[3] See

---

[1] These grievances were filed less than 114 days prior to Plaintiff filing this action. See Jones v. Kay, No. 07–3480, 2007 WL 4292416, at * 5 (D.S.C. Dec.5, 2007) ["An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court"].

[2] Although Plaintiff requests release from the SMU, he does not appear to have brought a claim concerning his custody classification in this action. He previously challenged his custody classification in Witherspoon v. Berry, No. 9:13-cv-02942-MGL, 2015 WL 1790222, at *3-4 (D.S.C. Apr. 15, 2015)[granting summary judgment to defendants]. A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

Further, prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)[no constitutional right under the Due Process Clause to a particular security classification or prison placement]. An inmate does not have a constitutional right to be confined in a particular location. See Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). In Sandin v. Conner, the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995). In Sandin, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485. Under the
(continued...)



4

ECF No. 19-1 at 4-6. Further, Plaintiff did not fully exhaust his SCDC administrative remedies as to the classification issues until October 3, 2014, when he received a Step 2 response. A prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation. Exhaustion is a prerequisite to suit that must be completed prior to filing an action. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d at 677, see also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir. 2001)[holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."], overruled on other grounds by Porter v. Nussle, 534 U.S. 516, 532 (2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir. 2001)[rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999)[a prisoner may not exhaust administrative remedies during the pendency of the federal suit]; Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999)[An inmate incarcerated in a state

---

[2](...continued)
analysis set forth in Sandin, Plaintiff cannot show that he has a protected liberty interest in his security or custody classification. Id. at 483-85; see Backey v. South Carolina Dep't. of Corrs., 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996)[allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights]; Joseph v. Gillespie, 73 F.3d 357, 1995 WL 756280 (4th Cir. Dec. 21, 1995)["Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure."]; Reffritt v. Nixon, 917 F. Supp. 409, 412 (E.D.Va. 1996)[plaintiff has no protected interest in remaining in or being released into general population], aff'd, 121 F.3d 699 (4th Cir. 1997).

[3]With his Complaint, Plaintiff submitted copies of Step 1 grievances filed on April 17 (No. BRCI-0307-14), June 12 (No. BRCI-0427-14) and June 23, 2014 (No. BRCI-0455-14), which concern mental health treatment, but there is no indication that he fully exhausted these grievances and as noted above, he stated that he had not heard back from the Step 2 grievances at the time he filed this action. ECF No. 1 at 2; 1-1 at 1, 4, 5.



prison must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.]; Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ["[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."].

Additionally, even if Plaintiff could show that he exhausted his available administrative remedies prior to filing this action, this Complaint would still be subject to dismissal because Plaintiff fails to state a claim against the named Defendants. Plaintiff's allegations are generally so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or "gibberish," that it is unclear what is to be made of them. See Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) [Noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]; see also Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2nd Cir. 1998); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[Affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face].

The Complaint, on its face, does not state a plausible, non-frivolous § 1983 claim, because Plaintiff fails to include sufficiently clear factual allegations against any of the named Defendants of any personal responsibility or personal wrongdoing in connection with the alleged violations of any of Plaintiff's constitutionally protected rights. Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "a short and plain statement" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring,



in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"]. Plaintiff's only reference to Defendants is his allegation that an unidentified document or court ruling "would require court's appointment[]s of panel of experts to determine what standards Ms. S. Roberts & Mr. DuDose & Lt. Ms. Carter & Mr. Captain Jones will & Sgt. Ms. Lathy,[4] would be required, by these first 4 trying. To stop my court ordered ME, ATU, and PREA[5] [doesn't] override." ECF No. 1 at 3.

In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10–3053–CMC–JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan. 5, 2011), adopted by, 2011 WL 601259 (D.S.C. Feb. 11, 2011); Whaley v. Hatcher, No. 1:08CV 125–01–MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Additionally, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. Carter v. Morris, 164 F.3d

---

[4]Lathy has not been named a defendant to this action.

[5]In a previous case filed by Plaintiff, Warden Tim Riley of the Tyger River Correctional Institution of SCDC submitted an affidavit (accompanied by evidence concerning Plaintiff's classification status and disciplinary convictions) stating that Plaintiff was transferred to Broad River Correctional Institution on February 24, 2014, to participate in a sex offender treatment program, but was kicked out of the program for failing to comply with the rules, creating a negative atmosphere for other program participants, using profanity, and making sexual slurs. Riley stated that Plaintiff is designated as a PREA inmate due to his extensive documented disciplinary history and sexually related conduct during his incarceration, and as a PREA inmate is classified as a Security Detention Level II inmate and housed in the SMU at Tyger River Correctional Institution [Plaintiff has submitted no change of address in the current action]. See Witherspoon v. Berry, 2015 WL 1790222, at *3-4.

215, 221 (4th Cir. 1999). As a result of Plaintiff's failure to specify which of the named Defendant(s) committed which alleged act(s) of wrongdoing, it is impossible for the Court to determine which, if any, of the Defendant(s) might plausibly be liable for which alleged problem(s) Plaintiff claims to have experienced. In the absence of substantive allegations of wrongdoing against a defendant, there is nothing from which the court can liberally construe a viable cause of action arising from a complaint, and it is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for prisoners or pro se litigants. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d at 1151.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

June 24, 2015
Charleston, South Carolina



8

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

