

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| JARODE JERMAINE WITHERSPOON,<br>　　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 9:14-2850-MGL-BM<br>§ |
| MR. DUBOSE, the head of mental health over all prison; MS. S. ROBERTS, mental health counselor, STOP; MR. CAPTAIN JONES, over Saluda Unit; and MS. L.T., over Saluda Unit, STOP<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING THE ACTION WITHOUT PREJUDICE AND WITHOUT SERVICE OF PROCESS

This is a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Plaintiff's action be dismissed without prejudice and without issuance of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 24, 2015, but Plaintiff failed to file any objections.[*] "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Plaintiff's action is Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** and without issuance of process.

---

[*]The Court notes that Plaintiff's copy of his Report was returned to the Clerk on July 1, 2015, marked "RELEASED: LEFT NO ADDRESS" ECF No. 26. Therefore, Plaintiff is evidently unaware of the Report. The Court observes, however, that the Magistrate Judge issued the following order to Plaintiff on December 12, 2014: "You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court." ECF No. 8:2-3. Plaintiff has obviously failed to follow the Court's December 12, 2014, order.

2

**IT IS SO ORDERED**.

Signed this 29th day of July, 2015, in Columbia, South Carolina.

                                        s/ Mary G. Lewis
                                        MARY G. LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.